**FILED**
**Sep 16, 2022**
**09:22 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **ROBERTO ARTURO DIAZ PADILLA,** | ) Docket No. 2021-03-1249 |
| Employee, | ) State File No. 13120-2016 |
| v. | ) |
| **JOSE MEJIA,** | ) Judge Lisa A. Lowe |
| Employer. | ) |

## EXPEDITED HEARING ORDER GRANTING BENEFITS
### (Decision on the Record)

Roberto Arturo Diaz Padilla filed a Request for Expedited Hearing, seeking a decision on the record. Jose Mejia did not object or request an in-person evidentiary hearing. The Court issued a Docketing Notice listing the documents to be considered, and gave the parties until September 15, 2022, to file position statements. Mr. Padilla filed one; Mr. Mejia did not.

The issue is whether Mr. Padilla is likely to prevail at a hearing on the merits on the payment of past and ongoing medical benefits.[1] For the reasons below, the Court holds Mr. Padilla presented sufficient evidence to show a likelihood of prevailing at a hearing on the merits. Thus, he is entitled to payment of both his past and future reasonable and necessary medical expenses related to his November 12, 2021 work injury.

### History of Claim[2]

A review of the evidence in the record revealed the following facts.

Mr. Padilla worked full-time as an employee of Jose Mejia's construction company, and Mr. Mejia paid him $200.00 per day. On November 12, 2021, Mr. Padilla was

---

[1] Although temporary disability benefits was marked as a disputed issue on the Dispute Certification Notice, Mr. Padilla did not introduce evidence related to a claim for temporary benefits.

[2] Mr. Mejia did not participate in the Bureau's or the Court's proceedings. Mr. Padilla served Mr. Mejia with requests for admissions. Since Mr. Mejia did not respond, the Court deemed the responses admitted.

operating a grinder. Due to an incorrectly installed blade, the grinder jerked and cut Mr. Padilla's hand. An ambulance transported Mr. Padilla to the hospital for emergent care. Ultimately, Mr. Padilla sought treatment with orthopedist Dr. Daniel Branham, who performed surgery.

Mr. Mejia did not: have workers' compensation insurance; complete a first report of work injury; provide a panel of physicians; or provide medical benefits. As a result, Mr. Padilla incurred the following medical expenses:

1) AMR (Ambulance): $781.44 (Account # 002338181-0000)
2) Tennessee Orthopedic Clinic: $3,405.00 (Account # 211213)
3) Methodist Medical Center: $19,230.00 (Account # B2133700705)
4) Methodist Medical Center: $1,479.00 (Account # B2131602820).

### Findings of Fact and Conclusions of Law

At this stage, Mr. Padilla must present sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits that he is entitled to past and future reasonable and necessary medical benefits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Mr. Padilla established through requests for admissions that he was an employee of Mr. Mejia and sustained a work-related injury on November 12, 2021. Additionally, he proved that he incurred a total of $24,896.27 for medical treatment of his work injury. The Court holds that Mr. Mejia must provide Mr. Padilla with medical benefits.

However, since Mr. Mejia did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* temporary disability and medical benefits if certain criteria are met. (See attached Benefits Request Form). Mr. Padilla must establish that he: (1) worked for an uninsured employer; (2) suffered an injury primarily in the course and scope of employment on or after July 1, 2015; (3) was a Tennessee resident on the date of injury; (4) provided notice to the Bureau of the injury and of Mr. Mejia's lack of coverage within 180 days of the injury; and (5) secured a judgment for workers' compensation benefits against Mr. Mejia. Tenn. Code Ann. § 50-6-801(d)(1)-(5) (2021).

The Court finds, as evidenced in the Expedited Request for Investigation Report, that Mr. Mejia did not have workers' compensation coverage at the time of Mr. Padilla's injury. The Court further finds Mr. Padilla is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of employment on November 12, 2021; was a Tennessee resident on that date; and notified the Bureau within 180 days of the injury. This order serves as a judgment for benefits.

2

The Court holds that Mr. Padilla satisfied the requirements of section 50-6-801(d). He may complete the enclosed form for consideration of a discretionary payment through the Uninsured Employers Fund.

**IT IS, THEREFORE, ORDERED** as follows:

1. Jose Mejia shall provide medical care for Roberto Arturo Diaz Padilla's injuries as required by Tennessee Code Annotated section 50-6-204, including payment to the following providers: Methodist Medical Center, Tennessee Orthopedic Clinic, and AMR. Dr. Daniel Branham is the authorized treating physician for any ongoing reasonable, necessary, and related treatment.

2. The Court sets a Scheduling Hearing on January 24, 2023, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate.

3. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

4. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED on September 16, 2022.**

_Lisa A. Lowe_

**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

3

# APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination
2. Request for Investigation
3. Expedited Request for Investigation Report
4. Addendum to Dispute Certification Notice
5. Dispute Certification Notice
6. Show Cause Order
7. Notice of Show Cause Order
8. Hearing Request, filed June 6, 2022
9. Notice of Scheduling Hearing, issued June 7, 2022
10. Notice of Scheduling Hearing, issued June 21, 2022
11. Order
12. Hearing Request, filed August 1, 2022
13. Affidavit of Roberto Arturo Diaz Padilla,
14. Motion to Deem Request for Admissions as Admitted
15. Order Granting Motion to Deem Admitted
16. Plaintiff's Position Statement
17. Docketing Notice Decision on the Record

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on September 16, 2022.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Chris W. Beavers, Employee's attorney | | X | Chrisbeavers@banksandjones.com |
| Jose Mejia, Employer | X | | 4055 Martel Road Lenoir City, TN 37772 |
| Claudia Byers, UEF | | X | Claudia.Byers@tn.gov |
| LaShawn Pender, UEF | | X | Lashawn.pender@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*